IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

        Plaintiffs                    Case No.  3:18-CR-0137

-vs-                                          Judge Thomas M. Rose

JEFFREY D'ANGELO POOLER

        Defendant

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A)(i) (Doc. 43)**

---

This case is before the Court on the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) (Doc. 43) (the "Motion") and supplemental documents (Doc. 47) filed by Defendant, Jeffrey D'Angelo Pooler. The Government filed a response to the Motion. (Doc. 48) Defendant has not filed a reply in support of the Motion, and the time to do so has now passed. The matter is ripe for the Court's review.

In the Motion, the Defendant asks that this Court modify his term of imprisonment to serve the remainder of his sentence on home confinement based on the 'extraordinary and compelling reasons' and pursuant to" 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 43) Thus, the Defendant asks that the Court order a change to the place where his sentence will be served from F.C.I. Gilmer to his home.

The Court lacks authority to grant Defendant's request. It is the BOP that has the authority to determine the place of a defendant's confinement, not the courts. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v.*

1

*Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment … [a]ccordingly, the district court did not err in concluding that it could not split [defendant's] mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP"); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a <u>term</u> of imprisonment once it has been imposed except that ….) (emphasis added).

Therefore, the Court **DENIES** Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) (Doc. 43).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 29, 2020.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE