UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cr-00137 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| JEFFREY D'ANGELO POOLER, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. 50)**

This case is before the Court on the Motion for Compassionate Release (Doc. 50) (the "Motion"), filed by Jeffrey D'Angelo Pooler ("Pooler"). Pooler is currently incarcerated at FCI [Federal Correctional Institution] Gilmer in West Virginia. He asks this Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him "compassionate release pursuant to 18 U.S.C. 3582, 18 U.S.C. 3624(b), the First Step Act (FSA) of 2018 (P.L. 115-391), and the CARES ACT." (Doc. 50 at PAGEID # 174.) Pooler also filed various documentation in support of the Motion. (Doc. 52.) The United States (the "Government") filed a Response to the Motion (Doc. 53) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. Pooler then filed a reply in support of the Motion (Doc. 54), and then an Addendum to the Motion (Doc. 55). The matter is ripe for review.[1] For the reasons

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all

1

discussed below, the Court **DENIES** Pooler's Motion.

I.     **BACKGROUND**

On October 9, 2018, the Government filed a two-count Indictment against Pooler in this case. (Doc. 20.) On December 4, 2018, the Government filed a single-count Superseding Information against Pooler in this case, charging him with violating 18 U.S.C. § 924(c)(1)(A) and alleging that he knowingly possessed firearms in furtherance of a drug trafficking crime, namely, knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Doc. 28.)

On December 4, 2018, pursuant to a plea agreement, Pooler pleaded guilty to the offense in the Superseding Information. (*See* Docs. 29, 30.) The Statement of Facts attached to the Plea Agreement, signed by Pooler and his attorney, states:

> On or about September 18, 2018, while in the Southern District of Ohio, the defendant **JEFFREY D'ANGELO POOLER** committed the federally prosecutable drug trafficking crime of possession of a controlled substance with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which is a crime that may be prosecuted in a court of the United States. The defendant knowingly possessed the following firearms, to wit: a Ruger .45 caliber handgun with 9 rounds of ammunition; a Mossberg 12 gauge shotgun; and a Ruger .380 caliber handgun, all in furtherance of said drug trafficking crime. The defendant's possession of said firearms advanced his drug trafficking criminal activities by providing both him and his inventory of distribution quantity cocaine and fentanyl greater physical security.
>
> For the information of the court, Ruger and Mossberg firearms are not manufactured in the state of Ohio and moved in interstate and/or foreign commerce to reach **POOLER** in this state. Further, the said Mossberg 12 gauge shotgun and

---

administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, Pooler initially sent a request to the Warden of FCI Gilmer asking that compassionate release be sought on his behalf. (Doc. 50 at PAGEID #175; Doc. 52 at PAGEID #187-90.) The parties agree that either the warden denied the request or the warden took no action in response to the request. (Doc. 50 at PAGEID #175; Doc. 53 at PAGEID #206.) Regardless, the Government does not contest exhaustion, so the Court proceeds with the understanding that Pooler could move for compassionate release on his own behalf.

Ruger .380 caliber handgun were confirmed to be stolen.

(Doc. 29 at PAGEID # 62.)

The Final Presentence Investigation Report ("PSI") regarding Pooler provided additional information about the circumstances of the offense, and it identified approximately thirty-four prior adult criminal convictions and numerous other minor convictions. (PSI ¶¶ 47-81.) Pooler's extensive criminal history, which spans nearly two decades, included convictions for possession of cocaine in 2001, having weapons while under disability in 2005, possession of cocaine (again) in 2005, possession of a firearm in furtherance of a drug trafficking crime in 2009, and possession of heroin in 2017. (*Id*.) Additionally, the PSI stated that the offense was Pooler's second felony conviction while on supervised release since being released from prison in September of 2015. (*Id.* at ¶ 142.) And, Pooler tested positive for illegal substances while on supervised release. (*Id.* at ¶ 111.) The PSI also indicated that Pooler accepted responsibility for his actions. (*Id.* at ¶ 30.)

This Court imposed an 84-month term of incarceration, five years of supervised release with special conditions, and a $100 special assessment. (Doc. 37.) Pooler is currently 39 years old and has an anticipated release date of September 5, 2024. *See* https://www.bop.gov/inmateloc. Pooler indicates in the Motion that he had already served approximately 20 months of his sentence in custody. (Doc. 50 at PAGEID # 178.)

## II.  ANALYSIS

### A. Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence

3

unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).  Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision regarding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test. *United States v. Jones*, 2020 WL 6817488, at *1, 2020 U.S. App. LEXIS 36620 (6th Cir. Nov. 20, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i); *Ruffin*, 978 F.3d at 1004 (the statute identifies "three substantive requirements for granting relief").  At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction.[3]  *Jones*, 2020 WL 6817488, at *6.  At step two, a court must find whether such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.*  At step three, a court must consider any applicable Section 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.  *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'"  *Ruffin*, 978 F.3d at 1004.  "In 28 U.S.C. § 994(t), Congress delegated to the

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison."  *Ruffin*, 978 F.3d at 1003.
[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)."  *Jones*, 2020 WL 6817488, at *6 n. 12.

Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 2020 WL 6817488, at *7 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement on compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at *6-7; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018." *Jones*, 2020 WL 6817488, at *7. Therefore, and for reasons more fully explained in *Jones*, the Sixth Circuit recently held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[4] *Id.* at *7-9 ("[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the iterim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

Regarding the second step, again, the Sentencing Commission's policy statement on compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 2020 WL 6817488, at *6-7. However, the Sixth Circuit recently held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* at *7. Thus, U.S.S.G. § 1B1.13 currently is not an "applicable

---

[4] Congress did instruct that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

5

policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *1, 7. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 2020 WL 6817488, at *9.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

> > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > (ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or
>
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement--
>
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > (B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date,

7

whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 2020 WL 6817488, at *12; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 2020 WL 6817488, at *5; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *United States v. Keefer*, No. 19-4148, 2020 WL 6112795, at *3, 2020 U.S. App. LEXIS 32723 (6th Cir. Oct. 16, 2020) ("The statute's plain text makes evident the discretionary nature of a compassionate-release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original). However, district courts must "supply specific factual reasons for their compassionate release decisions." *Jones*, 2020 WL 6817488, at *1.

### B. <u>Application</u>

Pooler asks that the Court grant the Motion and "release him to strict home confinement for the remainder of his prison term, followed by five years of supervised release as originally ordered." (Doc. 50 at PAGEID # 184.) Pooler argues that "the worsening global pandemic and the risks posed to [him] as an incarcerated individual, combined with the overpopulation of the

8

facility in which [he] is being held and his medical condition [i.e., asthma] present an extraordinary and compelling basis for a sentence reduction." (Doc. 50 at PAGEID # 181.) He asserts that he "will not pose a danger to the community upon his release on home confinement." (*Id.* at PAGEID # 183.) He also asserts that, "[u]nder the circumstances in this case, converting [his] sentence to home confinement, in combination with the time that he has already served, is sufficient to satisfy the goals and purposes of sentencing." (*Id.* at PAGEID # 182.) Among other things, Pooler also indicates that he has developed a comprehensive re-entry program (release plan), that he has maintained an exemplary prison record, and that he has completed institutional and educational programs while incarcerated. (*See, e.g., id.* at PAGEID # 178-79; Doc. 54 at PAGEID # 219-20; Doc. 55.) He acknowledges that FCI Gilmer has taken precautions to lessen the risk of being exposed to COVID-19. (Doc. 50 at PAGEID # 176.)

In response, the Government argues that this Court lacks the authority to grant Pooler's request for home confinement and that Pooler has not demonstrated that he is eligible for release under § 3582(c)(1)(A) and USSG § 1B1.13. (*See* Doc. 53.) The Government also asserts that the Bureau of Prisons ("BOP") has taken significant measures to protect inmates during the COVID-19 pandemic, and it argues that the nature and circumstances of Pooler's crimes and his history and characteristics create clear public safety concerns. (*Id.*)

    1. <u>Preliminary matters</u>

The Court must address a few preliminary issues. First, Pooler's request that the Court release him to home confinement for the remainder of his sentence amounts to asking the Court to order a change in the place where his sentence will be served, from FCI Gilmer to his home. The Court is surprised by this request given that it already told Pooler, in its Order denying a motion filed by Pooler less than six months ago, that it lacks the authority to grant such a request. (*See* Doc. 49 ("It is the BOP that has the authority to determine the place of a defendant's confinement,

9

not the courts," and authority cited therein).) The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at \*5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP").

Second, similarly, to the extent that the Motion seeks relief under 18 U.S.C. § 3624(b), that statutory section grants the BOP with authority to take certain actions, not the courts. That provision, which governs good time credit and is titled "Credit for service of sentence for satisfactory behavior," states in pertinent part:

> … [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. …

18 U.S.C. 3624(b)(1); *see also Schleining v. Thomas*, 642 F.3d 1242, 1247 (9th Cir. 2011) ("18 U.S.C. 3624(b)(1) <u>grants the BOP authority</u> to give a prisoner serving a federal sentence up to 54 days of credit on his sentence each year if the BOP determines the prisoner displayed exemplary compliance with institutional disciplinary regulations") (emphasis added); *United States v. Steelman*, 2020 WL 3259543, at \*2, 2020 U.S. Dist. LEXIS 105289 (W.D.N.C. June 16, 2020) ("the law is clear that the awarding of good time credits is left solely to the discretion of the BOP," "a court makes no determinations as to this inquiry, nor does being awarded such credit modify the sentence imposed by the court," and "the provisions of 18 U.S.C. § 3582(c) … relate only to a court's modification of a sentence—which is entirely different than the BOP exercising its

discretion in awarding credits"). In short, 18 U.S.C. § 3624(b) is not the proper mechanism for seeking compassionate release or to ask the courts for a reduction in the term of imprisonment.

Third, to the extent that Pooler is arguing that his Motion should be granted due to the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments (*see* Doc. 50 at PAGEID # 183), a compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations. *See, e.g.*, *United States v. Duncan*, No. CR 7:17-01-KKC, 2020 WL 6196254, at *3, 2020 U.S. Dist. LEXIS 196540, at *7 (E.D. Ky. Oct. 22, 2020) (explaining that, to the extent a prisoner is asserting an Eighth Amendment claim as a way to seek release from prison, "[s]uch a claim is properly brought as a claim for habeas relief under 28 U.S.C. § 2241"); *United States v. Pelletier*, No. 3:16-cr-00147-8, 2020 WL 6135052, at *2, 2020 U.S. Dist. LEXIS 193507, at *4-5 (M.D. Tenn. Oct. 19, 2020) (explaining, in response to defendant's argument that "prisoner conditions during the pandemic amount to cruel and unusual punishment," that "[c]ompassionate release is not the proper vehicle to raise his constitutional claims, which are best addressed under 28 U.S.C. § 2255 or 42 U.S.C. § 1983"); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3, 2020 U.S. Dist. LEXIS 78386, at *8 (E.D. Pa. May 4, 2020) ("[d]efendant contends that the current conditions at Elkton FCI violate his [] Eighth Amendment rights. However, these claims—which the [c]ourt construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release"); *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4, 2020 U.S. Dist. LEXIS 72285, at *9 (D. Alaska Apr. 24, 2020) (prisoner's "claims [] relating to the manner and conditions of confinement [] are not properly brought in a motion for compassionate release"); *United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 n. 7, 2020 U.S. Dist. LEXIS 99811, at *17 n. 7 (D. Ariz.

June 8, 2020) (prisoner's contention that the Eight Amendment's prohibition against cruel and unusual punishment supported his motion for compassionate release was unfounded because "Eighth Amendment protections and standards are not applicable to compassionate release analysis under § 3582(c)"); *see also Wilson v. Williams* 961 F.3d 829, 837-44 (6th Cir. 2020) (vacating an injunction where, although petitioner's claims were properly brought under 28 U.S.C. § 2241, petitioners failed to provide sufficient evidence to demonstrate a likelihood of success on their underlying Eighth Amendment claim).

2. Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

The Court now turns to Pooler's request for compassionate release through reducing his term of imprisonment pursuant to Section 3582(c)(1)(A)(i). (*See* Doc. 54 at PAGEID # 217-18.) Regarding step one, for the purposes of the Court's analysis, the Court will assume—without deciding—that Pooler has demonstrated that suffering from his stated medical ailments during the current COVID-19 pandemic present an extraordinary and compelling reason to warrant release from imprisonment.[5] Regarding step two, given that Pooler (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 2020 WL 6817488, at *9.

However, that does not end the Court's inquiry. There is still the third step: consideration of any applicable Section 3553(a) factors and determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of the case. *Jones*, 2020 WL 6817488, at *6; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven

---

[5] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by Pooler qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 2020 WL 6817488, at *7 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" in the defendant's case, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

12

if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted): *Keefer*, 2020 WL 6112795, at *6 ("[e]ven if [the defendant's] health condition is 'extraordinary and compelling,' the district court retained discretion to conclude that [the defendant's] individual circumstances did not warrant a sentence reduction").

The Court has considered the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Pooler's history and characteristics, such as his asserted behavior in prison, rehabilitation efforts, and educational or vocational training while incarcerated. *See* 18 U.S.C. § 3553(a)(1). Pooler also accepted responsibility for his actions. And, the Court acknowledges the challenging conditions at FCI Gilmer during the current COVID-19 pandemic and Pooler's health issues. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). The offense for which Pooler is currently incarcerated involved multiple firearms, and the Statement of Facts attached to the Plea Agreement indicates Pooler's involvement in drug trafficking activities that included cocaine and fentanyl. (Doc. 29 at PAGEID # 62.) Fentanyl in particular is a dangerous, and potentially lethal, controlled substance. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against warranting a sentence reduction.

13

*See United States v. Marshall*, No. 18-cr-20491, 2020 WL 5369038, at *3, 2020 U.S. Dist. Lexis 162919 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

Additionally, Pooler's criminal history is extensive and includes prior convictions involving controlled substances and for possession of a firearm in furtherance of a drug trafficking crime, Pooler has previously tested positive for illegal substances while on supervised release, and he has previously violated post-incarceration conditions. (PSI ¶¶ 47-81, 111, 142.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, Pooler still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Pooler with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Having considered the factors set forth in section 3553(a) to the extent that they are applicable, the Court finds that the requested sentence reduction is not warranted.

In summary, even if steps one and two authorized the requested reduction in sentence, the Court finds that consideration of the applicable Section 3553(a) factors warrants denial of the

Motion. *Jones*, 2020 WL 6817488, at *2 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III.   CONCLUSION

Although the Court recognizes Pooler's asserted medical ailments, commends his apparent efforts to better himself while incarcerated (*see, e.g.,* Doc. 50 at PAGEID # 178), and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. 50).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday,  December 1, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE